ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. McCALISTER. (No. 7830.)

(Court of Civil Appeals of Texas. Dallas. Nov. 3, 1917. Rehearing Denied Dec. 8, 1917.)

1. TRIAL ☞260(10).— INSTRUCTIONS — REQUESTS COVERED BY INSTRUCTIONS GIVEN.

In an action for injuries no claim was made for pain and suffering caused by biliousness or cold about eight months after the accident, but a physician testified that when he examined plaintiff at that time he was suffering from a bilious attack due to cold. The court refused an instruction that the jury could not find for plaintiff for pain and suffering caused by his having a bilious attack and a cold, at the time he was attended by such physician, the evidence not showing that it was the proximate result of the injury, and it appearing that it could not have been caused by the accident, but the court did charge that the jury should allow plaintiff such sum as would reasonably compensate him for the injuries which the evidence might show were the direct and proximate result of defendant's negligence, and that they might consider any physical pain which the evidence showed he suffered as the direct result of such negligence. Held, that the charge given practically embodied the matter embraced in the special charge.

2. APPEAL AND ERROR ☞1068(4)—HARMLESS ERROR—INSTRUCTIONS—CURE BY VERDICT.

The refusal of the requested instruction, if error, was harmless, where there was no complaint that the verdict was excessive.

3. APPEAL AND ERROR ☞882(15)—INVITED ERROR—REFUSAL OF INSTRUCTIONS.

In an action for injuries sustained by a railway section hand when the motorcar on which he was riding ran into an open switch, the court, at defendant's request, charged that if plaintiff was negligent in failing to keep a proper lookout, and his negligence proximately contributed to the injury, then if he was injured by defendant's negligence in leaving the switch open his damages should be diminished in proportion to the amount of negligence attributable to him. It refused to charge that if he was guilty of negligence in not keeping a proper lookout in approaching the switch at a high rate of speed, and such negligence was the proximate cause and the sole proximate cause of the injury, the verdict should be for defendant. Held, that the court having given one special charge on the subject at defendant's request, defendant could not complain of the refusal to give another on the same subject.

4. TRIAL ☞251(8), 252(11)—INSTRUCTIONS— APPLICABILITY TO PLEADINGS AND EVIDENCE.

In such action, an instruction that the defense of assumed risk was not available, where the employé had an opportunity before being injured to inform the employer or a superior intrusted with authority to remedy or avoid the danger, and did notify the employer or superior, provided it was not necessary to give such notice when the employer or the superior already knew of the danger, and that the defense was not available where a person of ordinary care would have continued in the service with knowledge of the danger, though the servant or employé did not give notice of the danger, while stating a correct proposition of law, was erroneously given, as it was not applicable under the pleadings and the evidence.

5. APPEAL AND ERROR ☞1066—HARMLESS ERROR—INAPPLICABLE INSTRUCTIONS.

The giving of such instruction, though error, was harmless, as there was nothing in it calculated under the evidence to influence the jury in reaching a verdict.

6. MASTER AND SERVANT ☞291(3)—TRIAL ☞296(3)—INSTRUCTIONS—MISLEADING INSTRUCTIONS—CURE.

In an action for injuries sustained by a railway section hand when the motorcar on which he was riding ran into a switch left open through the negligence of another employé, the court charged that railway corporations were liable to any employé whose injury resulted from the negligence of the officers, agents, or employés of such company, or from the defect or insufficiency, due to its negligence, in its cars, appliances, machinery, or other equipment. Held, that while the portion of the instruction relative to defects or insufficiency in the cars,

appliances, machinery, or equipment was not applicable to the case, it was not misleading, where the evidence was uncontradicted that plaintiff was thrown from the motorcar and that defendant was chargeable with negligence, and in applying the law to the fact the court only authorized a recovery because of the derailment and the open switch, and did not submit the question of negligence because of defective machinery.

Appeal from District Court, Henderson County; C. D. Owen, Judge.

Action by L. McCalister, by next friend, against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

E. B. Perkins, of Dallas, R. S. Neblett, of Corsicana, and W. R. Bishop, of Athens, for appellant. E. P. Miller, of Athens, and Ormond Simkins, of Corsicana, for appellee.

RAINEY, C. J. This suit was instituted by appellee against appellant for damages for personal injuries received on October 8, 1915. It was alleged that on said date appellee was working for appellant as a section hand under a foreman; that he with said foreman and other hands were going west on a motorcar on appellant's main line, traveling 20 or 25 miles per hour, when the car ran into an open switch, causing said car to be derailed, throwing appellee therefrom, by which he received personal injuries, damaging him in the sum of $950; that said switch was negligently left open, etc. Appellant answered by general exceptions, general denial, and specially that if appellee was injured it was caused proximately by his own negligence in traveling at a high rate of speed and in not keeping a proper lookout for his own safety. A trial resulted in a verdict for appellee for $500, and judgment was rendered accordingly for that amount, from which this appeal is taken.

The evidence substantially establishes the material allegations of the petition and supports the verdict and judgment.

[1] The first error assigned complains of the court's refusal to give its special charge, which is as follows:

"You are instructed that in no event can you find for the plaintiff for any sum for any pain or suffering caused by the said McCalister having a bilious attack, and having a cold at the time he was attended by Dr. Beach, the evidence not showing that the same was the proximate result of the injuries complained of in the plaintiff's petition, and it appearing that same could not have been caused by his having been thrown from the car"

—for the reason that the evidence does not show that said bilious attack was the proximate result of the injuries complained of by the plaintiff, and the defendant having requested said charge before the giving of the main charge to the jury and having duly excepted to the refusal of the court to give same as shown by its bill of exception No. 1. The second assignment complains of the refusal of the court to give a special charge embodying the subject embraced in the first assign-

ment, and we will consider the two assignments together.

There is no contention or claim made by appellee for any suffering or pain caused from biliousness or cold. The only evidence that relates to any suffering or pain is that of Dr. Beach, who testified that about eight months after appellee was injured he was called to visit the appellee professionally. He says:

"I was called out there one evening to see him; I went in the house and asked what the trouble was; I found he had a temperature of 101 and he was complaining of shortness of breath or something, and complained of being sore all over. I had him roll over on his back and examined his chest and found he was sore in the chest. I also had him roll over on his breast and examined his back and found he had a scar on his shoulder. The place on his back is not swollen now, that is it don't feel like it is through his shirt. It was something like two months ago I examined him. He was suffering then with a bilious attack and had a little fever. I judge it was due to cold—that was some eight months after he was injured; I had never been called to see him before, that is after he had been back from the hospital. I never detected anything unusual about his appearance, except he seemed to be sluggish, but then he was that way before he was injured, though he was a pretty good worker."

The court in his main charge told the jury:

"If you find for the plaintiff, you will allow him such sum as will reasonably compensate him for the injuries which the evidence may show was the direct and proximate result of defendant's negligence, if any, and in arriving at the damages you may consider any physical pain, if any, which the evidence may show that plaintiff has suffered as the direct result of said negligence, if any," etc.

[2] This charge of the court practically embodies the matter embraced in the special charge, and we find nothing in the record which was calculated to influence the jury in rendering their verdict to include any damages for suffering of pain from biliousness or cold. Besides, there is no assignment complaining of the excessiveness of the verdict, which renders the error in the charge, if error, harmless. Railway Co. v. Boozer, 70 Tex. 530, 8 S. W. 119, 8 Am. St. Rep. 615. There is no merit in assignment three and the same is overruled.

[3] Assignment 4 complains of the refusal of the court to give requested charge as follows:

"You are instructed that if from the evidence you believe that the said L. McCalister was guilty of negligence in not keeping a proper lookout for his own safety in approaching the switch at a high rate of speed as alleged by the defendant, and that such negligence, if any, was the proximate cause and the sole proximate cause of the injury received by said McCalister, then your verdict will be for the defendant railway company"

—for the reason that the question as to whether the injury was caused by the negligence of the plaintiff set forth in said charge was an issue of fact, and the defendant was entitled to have same passed on by the jury, said charge having been requested before the reading of the main charge to the jury, and

the court's refusal to give same having been duly excepted to as shown by bill of exception No. 4.

The following special charge asked by the appellant was given by the court, to wit:

"You are instructed that if from the evidence you believe that the plaintiff L. McCalister was guilty of negligence in failing to keep the proper lookout on approaching the switch which proximately contributed to cause the injury received by him, then, should you find that he was injured by the negligence of the defendant by leaving the switch open, his damages, if any, should be diminished by you in proportion to the amount of negligence attributable to said L. McCalister."

The court having given one special charge on this subject, the appellant should not 'be heard to complain at the court's refusal to give another on the same subject, therefore this assignment is overruled.

[4, 5] The fifth assignment of error is:

"The court erred in paragraph 10 of its main charge wherein the jury is instructed that the defense of assumed risk shall not be available in the following cases: '(1) Where such employé has an opportunity before being injured to inform the employer or a superior intrusted by the employer with authority to remedy or avoid the danger and does notify or cause to be notified the employer or superior thereof within a reasonable time, provided it shall not be necessary to give such notice when the employer or such superior thereof already knew of the danger. (2) Where a person of ordinary care would have continued in the service with the knowledge of the danger, and in such case it shall not be necessary that the servant or employé give notice of the danger as provided in subdivision one of this paragraph.'"

The foregoing is a literal copy of article 6645, R. S., and is therefore a correct proposition of law, but it was error to give it in this connection, as it was not applicable under the pleadings and evidence in this case. While the giving of this paragraph of the charge was error, we are of the opinion that it was harmless, as there is nothing in it which was calculated under the evidence to influence the jury in reaching a verdict.

[6] The sixth assignment is:

"The court erred in paragraph 7 of its main charge to the jury wherein the jury is instructed that 'it is the law of this state that every corporation, operating any railroad in this state, shall be liable in damages to any person suffering injury while he is employed by such company operating such railroad, for such injury resulting in whole or in part from the negligence of the officers, agents, or employés of such carrier; or by reason of any defect or insufficiency due to its negligence in its cars, appliances, machinery, or other equipment,' for the reason that such charge is misleading. and is a charge on matters not made issues by the pleadings of this case, and is calculated to impress the jury that they might find for the plaintiff for supposed defects or insufficiency in its cars, appliances, and machinery, no such defects being an issue in this case."

The court in defining the law charged the above. The first paragraph of such section is applicable to this case, but the second paragraph is not; therefore it was unnecessary to give it. Appellee was injured by reason of a switch being left open through the negligence of an employé, and a hand car on which he was riding was derailed. The evidence is uncontradicted that he was thrown from such motorcar and that appellant was chargeable with negligence. The court in applying the law to the fact only authorized a recovery from the facts of a derailment and open switch, and in no sense submitted the question of negligence in defective machinery, and as we view it the jury were not misled by said charge and said assignment is overruled.

Finding no reversible error in the record, the judgment is affirmed.